RECORD IMPOUNDED

 NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1620-16T1

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

 Plaintiff-Respondent,

v.

E.C.J.,

 Defendant-Appellant,

and

T.B.,

 Defendant.

_________________________________

IN THE MATTER OF THE GUARDIANSHIP
OF A.J., a minor.

_________________________________

 Submitted October 26, 2017 – Decided November 20, 2017

 Before Judges Simonelli and Rothstadt.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Family Part, Gloucester
 County, Docket No. FG-08-0047-15.
 Joseph E. Krakora, Public Defender, attorney
 for appellant (Steven Edward Miklosey,
 Designated Counsel, on the brief).

 Christopher S. Porrino, Attorney General,
 attorney for respondent (Melissa H. Raksa,
 Assistant Attorney General, of counsel; Mary
 A. Hurley, Deputy Attorney General, on the
 brief).

 Joseph E. Krakora, Public Defender, Law
 Guardian, attorney for minor (Lisa M. Black,
 Designated Counsel, on the brief).

PER CURIAM

 Defendant, E.C.J.,1 appeals from the Family Part's December

6, 2016 judgment of guardianship and order terminating his parental

rights to his daughter, A.J. (Abagail).2 The Division of Child

Protection and Permanency (Division) and the Law Guardian contend

that the order should be affirmed. After reviewing the record in

light of the applicable legal standards, we affirm substantially

for the reasons stated by Judge Timothy W. Chell in his thorough

oral decision placed on the record on December 6, 2016.

 The pertinent evidence adduced at trial is summarized as

follows. Abagail was born in September 2011. In 2014, she was

diagnosed with Lymphoma and is required to have a high degree of

1
 We use initials and pseudonyms to protect the identity of the
family.
2
 The child's mother, defendant T.B., surrendered her parental
rights on December 5, 2016, and is not the subject of this appeal.

 2 A-1620-16T1
specialized care. She is under treatment directed by the

Children's Hospital of Philadelphia (Hospital).

 The Division became involved with Abagail's family in 2013

when issues arose about her mother T.B.'s ability to provide

adequate housing for Abagail and her sibling. Soon after the

Division became involved, T.B. was arrested and found in possession

of counterfeit controlled dangerous substances. At the time of

her arrest, defendant was already incarcerated for unrelated

charges.

 During the litigation of the Title 9 and guardianship actions,

it was determined that defendant had a history of drug and alcohol

abuse. The Division offered defendant numerous services to address

his problems, but he was not able to successfully complete the

programs. In addition to addiction issues, defendant was unable

to remain available to Abagail because he was repeatedly

incarcerated. After his release in 2013, defendant was re-

incarcerated just prior to the fact-finding hearing in the Title

9 action. He was released a short time later, but re-incarcerated

in 2015 for violating parole.

 The Division investigated the possibility of placing Abagail

in the care of her relatives, but background investigations

revealed that placement with available relatives was not an

alternative. They were either unwilling or not able to care for

 3 A-1620-16T1
the child. Instead, the Division placed Abagail with a resource

family who has cared for her since she came to live at their home.

The resource family has continually attended to Abagail's medical

needs and wishes to adopt her.

 In 2015, Abagail's paternal grandmother (Debra) expressed an

interest in seeking custody. She had no contact with the Division

or Abagail since the Division became involved. Nevertheless, the

Division began an investigation into placing Abagail with Debra

and by September 2015 its plan was for Debra to adopt Abagail.

 As its investigation developed, however, in November 2015,

the Division revised its plan for Abagail to adoption by her

resource family. The Division changed its position because its

background investigations into Debra revealed an open warrant for

her arrest, and reports of abnormal behavior that involved

contacting police about alleged computer hacking by unknown

perpetrators due to her alleged involvement with various

celebrities. A psychological evaluation of Debra raised concerns

about her mental health, however, she did not pose a risk of danger

to Abagail. The Division also received information from Debra's

mother about Debra's ability to care for Abagail. Significantly,

the Hospital also raised concerns about Debra's understanding of

the severity of Abagail's illness and the child's need for

appropriate treatment and the proper administration of her

 4 A-1620-16T1
medications. Also, the Division's inspection of Debra's home led

to its determination that it was inappropriate because it posed

hazards and obstructions.

 Just prior to the scheduled trial date in the guardianship

action, and evidently in response to the Division's change in its

plan for Abagail, Debra filed a separate action seeking custody.

That matter was heard on the same day that Judge Chell was to

begin the guardianship trial.3 After considering Debra's

testimony, Judge Chell made credibility determinations and

specific findings of fact before denying her application. The

judge concluded that Debra failed to prove there was any change

in circumstances affecting the child's welfare, and that it was

vital to Abagail's best interests that she remain in the Division's

custody and placed with her resource family.

 Judge Chell proceeded to hear the guardianship matter. At

that trial, the Division's caseworker and its psychologist

testified for the Division. The Law Guardian called its

investigator and a social worker from the Hospital. Defendant did

not appear for trial, but Debra testified on his behalf.

 At the conclusion of the trial, Judge Chell found that the

Division had satisfied all four prongs of the best interests test

3
 The matter was filed under Docket FD-08-1013-15.

 5 A-1620-16T1
as set forth in N.J.S.A. 30:4C-15.1(a), placing his findings on

the record in a comprehensive oral decision. The judge heavily

weighed the resource family's "ability to identify signs and

symptoms of [Abagail's] serious medical issues[,]" their efforts

to seek "appropriate medical attention[,]" and their commitment

to adoption and the Division's concerns about potential placement

with Debra. Judge Chell observed that the unrefuted expert

testimony established that Abagail demonstrated "strong, positive

and healthy attachments" to both Debra and her resource mother,

but found that the resource mother was better able to provide the

"stability [that] is paramount to [Abagail] in her current state

of medical fragility and recurrence of her cancer." He also found

"no abuse of the Division's investigative or decision making

authority[,]" and determined that it "prove[d] by clear and

convincing evidence that alternatives to termination of parental

rights were considered." This appeal followed.

 On appeal, defendant challenges Judge Chell's findings as to

the third and fourth prongs of the best interests test.

Specifically, he argues:

 POINT I

 THE TRIAL COURT ERRED IN FAILING TO
 ADEQUATELY CONSIDER ALTERNATIVES TO
 TERMINATION OF PARENTAL RIGHTS.

 6 A-1620-16T1
 POINT II

 THE TRIAL COURT ERRED IN CONCLUDING
 THAT THE DIVISION HAD DEMONSTRATED
 BY CLEAR AND CONVINCING EVIDENCE
 THAT TERMINATION OF E.J.'S PARENTAL
 RIGHTS WOULD NOT DO MORE HARM THAN
 GOOD.

 We conclude from our review that defendant's arguments are

without sufficient merit to warrant discussion in a written

opinion. R. 2:11-3(e)(1)(E). Judge Chell reviewed the evidence

presented at the trial, made detailed factual findings as to each

prong of N.J.S.A. 30:4C-15.1(a), including the Division's efforts

to investigate and place Abagail with relatives, and concluded the

Division met by clear and convincing evidence all of the legal

requirements for a judgment of guardianship as to defendant. The

judge's opinion tracked the statutory requirements of N.J.S.A.

30:4C-15.1(a), in accordance with N.J. Div. of Youth & Family

Servs. v. F.M., 211 N.J. 420 (2012), N.J. Div. of Youth & Family

Servs. v. M.M., 189 N.J. 261 (2007), In re Guardianship of K.H.O.,

161 N.J. 337 (1999), In re Guardianship of D.M.H., 161 N.J. 365

(1999), and N.J. Div. of Youth & Family Servs. v. A.W., 103 N.J.

591 (1986), and is more than amply supported by the record. F.M.,

supra, 211 N.J. at 448.

 Affirmed.

 7 A-1620-16T1